UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| H. MARTIN BOHMAN, On Behalf of All Others Similarly Situated,,<br><br>Plaintiff,<br><br>-against-<br><br>WAVE SYSTEMS, CORP., STEVEN SPRAGUE and GERARD T. FEENEY,<br><br>Defendants. | Civil Action No. 04-30041-MAP<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, by his attorneys, for his Class Action Complaint (the "Complaint") alleges the following upon personal knowledge as to himself and his own acts, and upon information and belief based upon the investigation of Plaintiff's attorneys as to all other matters. The investigation included a review of United States Securities and Exchange Commission ("SEC") filings by Wave Systems Corp. ("Wave" or the "Company"), as well as regulatory filings and reports, securities analysts reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company. Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth below after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.    The is a federal class action on behalf of purchasers of the common stock of Wave Systems Corp. ("Wave" or the "Company") between July 31, 2003 and December 18, 2003, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is based on Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

3. The claims alleged herein arise under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder.

4. Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b), as many of the acts and practices complained of herein occurred in substantial part in this District.

5. In connection with the acts, transactions and conduct alleged herein, defendants used the means and instrumentalities of interstate commerce, including the United States mails, interstate telephone communications and the facilities of the national securities exchanges and markets.

## PARTIES

6. Plaintiff H. Martin Bohman purchased the common stock of Wave Systems at artificially inflated prices as set forth in the certification attached to this Complaint, and suffered economic damages thereby.

7. Defendant Wave Systems is a Delaware corporation that maintains offices within this judicial district at 480 Pleasant Street, Lee, MA 01238.

8. Defendant Steven Sprague ("Sprague") is the Company's Chief Executive Officer.

9. Defendant Gerard T. Feeney ("Feeney") is the Company's Chief Operating Officer.

10. Defendants Sprague and Feeney are collectively referred to hereinafter as the "Individual Defendants."

11. Because of the Individual Defendants' positions with Wave Systems, they had access to the adverse undisclosed information about its business, operations, products, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including Wave Systems' operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

12. It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in Wave Systems' public filings, press releases and other publications as alleged herein are the collective actions of the narrowly defined group of defendants identified above. Each of the above officers and/or directors of Wave Systems, by virtue of their high-level positions with Wave Systems, directly participated in the management of Wave Systems, was directly involved in the day-to-day operations of Wave Systems at the highest levels and was privy to confidential proprietary information concerning Wave Systems and its businesses, operations, products, growth, financial statements, and financial condition, as alleged herein. Said defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding Wave Systems, and approved or ratified

these statements, in violation of the federal securities laws.

13. As officers, directors and controlling persons of a publicly-held company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and was traded on the NASDAQ, and governed by the provisions of the federal securities laws, each of the Individual Defendants had a duty to promptly disseminate accurate and truthful information with respect to Wave Systems' financial condition, performance, growth, operations, financial statements, businesses, products, markets, management, earnings, present and future business prospects and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Wave Systems' publicly-traded securities would be based upon truthful and accurate information. The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

14. The Individual Defendants participated in the drafting, preparation, and/or approval of the various public, shareholder and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature. Because of their Board membership and/or executive and managerial positions with Wave Systems, each of the Individual Defendants had access to the adverse undisclosed information about Wave Systems' business prospects and financial condition and performance as particularized herein and knew (or recklessly disregarded) that these adverse facts rendered the positive representations made by or about Wave Systems and their business issued or adopted by Wave Systems materially false and misleading.

15. The Individual Defendants, because of their positions of control and authority as

officers and/or directors of the Company, were able to and did control the content of various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and therefore is primarily liable for the representations contained therein.

16. Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Wave Systems common stock by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme: (i) deceived the investing public regarding Wave Systems' businesses, operations, management and the intrinsic value of its common stock; and (ii) caused plaintiff and other members of the Class to purchase Wave Systems common stock at artificially inflated prices.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23(a) and (b)(3) on behalf of a class consisting of all persons who purchased or otherwise acquired the common stock of Wave Systems during the Class Period (July 31, 2003 to December 18, 2003) and who suffered damages thereby (the "Class"). Excluded from the Class are the defendants, members of their families, any entity in which any defendant is trustee or has a controlling interest, and any of their parents, subsidiaries, officers, directors, affiliates, legal representatives, heirs, predecessors, successors and assigns.

18. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Wave Systems common stock was actively traded on NASDAQ. While the exact number of Class members is unknown at this time and can only be ascertained through appropriate discovery, at a minimum, plaintiff believes that there are hundreds or thousands of persons who purchased Wave Systems stock during the Class Period. Record owners and other members of the Class may be identified from records maintained by Wave Systems or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

19. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether the federal securities laws were violated by defendants as alleged herein;

    b. whether defendants misstated and/or omitted to state material facts in their public statements and filings with the SEC;

    c. whether defendants participated directly or indirectly in the course of conduct complained of herein;

    d. whether the defendants acted knowingly or recklessly in issuing false and misleading statements;

    e. whether the market prices for Wave Systems common stock during the Class Period were artificially inflated by the defendants' wrongful conduct alleged in this Complaint; and

      f.      whether the members of the Class have sustained damages and, if so, the proper measure of those damages.

20.    Plaintiff's claims are typical of the claims of other Class members, all of whom have sustained damages arising out of the defendants' wrongful conduct alleged in this Complaint.

21.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

22.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

23.    Wave Systems is the leader in delivering trusted computing applications and services with advanced products, infrastructure and solutions across multiple trusted platforms from a variety of vendors. Wave holds a portfolio of significant fundamental patents in security and e-commerce applications and employs some of the world's leading security systems architects and engineers.

24.    On July 31, 2003, Wave Systems announced an agreement with Intel Corporation ("Intel") that would help enable both companies to accelerate the development and deployment

of trusted applications and services for safer computing on personal computer platforms. The agreement would enable Intel to bundle Wave Systems' software and services with a future Intel desktop motherboard, targeted for trusted computing platforms.

25. On August 4, 2003, Wave Systems further announced the following:

> [T]he new Document Manager Vault and SmartSignature security software applications in Wave System's EMBASSY® Trust Suite client software family work with the IBM Embedded Security Subsystem, a hardware and software-based security solution available on select ThinkPad notebooks and ThinkCentre desktops, to create more secure applications for the business user. The compatibility of Wave System's security software applications with IBM's hardware and software security solution is a result of Wave's successful participation in IBM's Independent Software Vendor program. This partnership is another example of IBM's commitment to help independent software vendors use IBM's hardware and software-based security system to make computing as secure as possible for the end-user. "The early stages of any emerging market are critical. IBM has clearly established their leadership in trusted computing with their family of Embedded Security System personal computers," said Lark Allen, executive vice president, Wave Systems. "Wave's partnership with IBM will significantly help us in our objective to deliver open and interoperable solutions to business customers as trusted computing continues to evolve." Leveraging the IBM security chip for personal computers, the Wave System EMBASSY Trust Suite Client Business Edition includes the first of many new applications aimed at business users: Wave's Document Manager Vault and SmartSignature. Wave's EMBASSY Trust Suite represents one of the first portfolios of user software applications, administrative tools, and trust-based systems developed specifically around the new Trusted Computing Group ("TCG") specification.

26. The combined effect of the defendants' announcements referenced in ¶¶ 24 and 25 caused Wave Systems stock to soar. Shares of Wave Systems gained 21.1%, or $0.77 per share to close at $4.42 per share on August 4, 2003.

27. On August 5, 2003, <u>Bloomberg</u> reported that "shares of Wave Systems Corp., a developer of online commerce and security technology that said it has enough money to last through Oct. 15, jumped more than five-fold in four days after saying that Intel Corp will use its

software." Accordance to defendant Sprague, "Intel will pay a license fee for bundling the software onto the computer circuit boards that Intel sells[.] . . . Those fees typically range from 50 cents to $1.50 per motherboard."

28.  Shortly after making the announcements referenced in ¶¶ 24 and 25, defendant Feeney sold 100,000 shares of Wave Systems at $5.00 per share for proceeds totaling $500,000 on August 5, 2003. On August 6, 2003, defendant Sprague sold 150,000 shares of Wave Systems at $4.10 per share for proceeds totaling $615,000.

29.  The statements referenced above in ¶¶ 24 and 25 and defendant Sprague's statement in ¶ 27 were each materially false and misleading because they failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that Intel would not be entering into a revenue producing licensing agreement with the Company; (2) that the Intel contract did not require Intel to purchase any software; (3) that IBM was not embedding Wave Systems' software into IBM computers; and (4) that the IBM transaction would provide no direct revenue to the Company.

30.  On December 18, 2003, Wave Systems reported that the SEC had commenced a formal investigation into certain matters relating to Wave Systems. The SEC's investigative order, received by Wave Systems on December 17, 2003, related to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in Wave Systems' securities during such time.

31.  News of this shocked the financial market. Shares of Wave Systems fell 17.13%, or $0.31 per share, to close at $1.50 per share on extremely high volume on December 19, 2003.

## UNDISCLOSED ADVERSE FACTS

32.   The market for Wave Systems' common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Wave Systems' common stock traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Wave Systems common stock relying upon the integrity of the market price of Wave Systems' common stock and market information relating to Wave Systems, and have been damaged thereby.

33.   During the Class Period, defendants materially misled the investing public, thereby inflating the price of Wave Systems' common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

34.   At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about Wave Systems' business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Wave Systems and its business, prospects and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in

plaintiff and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages complained of herein.

## ADDITIONAL SCIENTER ALLEGATIONS

35. As alleged herein, defendants acted with scienter in that defendants knew that (a) the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; (b) knew that such statements or documents would be issued or disseminated to the investing public; and (c) knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, defendants, by virtue of their receipt of information reflecting the true facts regarding Wave Systems, their control over, and/or receipt and/or modification of Wave Systems' allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Wave Systems, participated in the fraudulent scheme alleged herein.

36. This case does not involve allegations of false forward-looking statements or projections but instead involves false statements concerning the Company's business, finances and operations. The ongoing fraudulent scheme described in this complaint could not have been perpetrated over a substantial period of time, as has occurred, without the knowledge and complicity of the personnel at the highest level of the Company, including the Individual Defendants.

37. As stated above, defendant Feeney sold 100,000 shares of Wave Systems at $5.00 per share for proceeds totaling $500,000 on August 5, 2003, just one day after the Company's

announcement concerning its product. On August 6, 2003, defendant Sprague sold 150,000 shares of Wave Systems at $4.10 per share for proceeds totaling $615,000.

38.  Additionally, defendants were able to complete a $7.1 million private placement on November 19, 2003.

### Applicability of Presumption of Reliance: Fraud-on-the-Market Doctrine

39.  Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

   a.  the defendants made misleading statements and material omissions during the Class Period;

   b.  Wave Systems securities traded on the NASDAQ which is in an efficient market;

   c.  stock analysts and the media covered Wave Systems and its business during the Class Period;

   d.  the misrepresentations and material omissions alleged in this Complaint would tend to induce a reasonable investor to misjudge the value of the Company's stock; and

   e.  Plaintiff and the other Class members purchased their Wave Systems stock between the time the defendants made the misleading statements and material omissions and the time that the true facts were disclosed, without knowledge of the omitted facts.

40.  Based upon the foregoing, plaintiff and members of the Class are entitled to the

presumption of reliance upon the integrity of the market.

### STATUTORY SAFE HARBOR PROVISION IS INAPPLICABLE

41.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Moreover, to the extent that Wave Systems purported to warn of risks associated with the Company, those so-called "risk disclosures" were boilerplate and did not meaningfully change during the Class Period to reflect the dynamic nature of the Company's business. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Wave Systems who knew that those statements were false when made.

### COUNT I

### (Against All Defendants)
### For Violation Of Section 10(b) Of The Exchange Act and SEC Rule 10b-5

42.     Plaintiff repeats and realleges each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

43.     This Count is asserted against all defendants and is based upon Section 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder.

44.     During the Class Period, defendants, singly and in concert, engaged in a common plan, scheme, and unlawful course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class, and failed to disclose material information in order to make the statements made, in light of the circumstances under which they were made, not misleading to Plaintiff and the other members of the Class. The purpose and effect of said scheme, plan, and unlawful course of conduct was, among other things, to induce Plaintiff and the other members of the Class to purchase Wave Systems securities during the Class Period at artificially inflated prices.

45.     Throughout the Class Period, Wave Systems acted through the Individual Defendants, whom it portrayed and represented to the financial press and public as its valid representatives. The willfulness, motive, knowledge, and recklessness of the Individual Defendants is therefore imputed to Wave Systems, which is primarily liable for the securities law violations of the Individual Defendants while acting in their official capacity as a Company representative, or, in the alternative, which is liable for the acts of the Individual Defendants under the doctrine of *respondent superior*.

46.     The information that the defendants disseminated to the investing public was materially false and misleading as set forth above, and the market price of Wave Systems securities was artificially inflated during the Class Period. In ignorance of the duty to disclose the false and misleading nature of the statements described above and the deceptive and

manipulative devices and contrivances employed by said defendants, Plaintiff and the other members of the Class relied, to their detriment, on the integrity of the market price of the stock in purchasing Wave Systems securities. Had Plaintiff and the other members of the Class known the truth, they would not have purchased said shares or would not have purchased them at the inflated prices that were paid.

47. During the Class Period, the defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (a) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (b) artificially inflate and maintain the market price of Wave Systems common stock; and (c) cause Plaintiff and other members of the Class to purchase Wave Systems stock at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants took the actions set forth herein.

48. By reason of the foregoing, the defendants directly violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder in that they: (a) employed devices, schemes, and artifices to defraud; (b) failed to disclose material information; or (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class in connection with their purchases of Wave Systems securities during the Class Period. All Defendants are sued as primary participants in the wrongdoing alleged.

49. Plaintiff and the other members of the Class have suffered substantial damages as a result of the wrongs herein alleged in an amount to be proved at trial.

## COUNT II

### (Against The Individual Defendants)
### For Violation Of Section 20(a) Of The Exchange Act

50. Plaintiff repeats and realleges each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of Wave Systems within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, stock ownership and contractual rights, and participation in and/or awareness of Wave Systems' operations, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of Wave Systems, including the wrongful acts alleged herein.

52. The Individual Defendants, by reason of their executive positions and/or board membership, were the controlling persons of Wave Systems and had the power and influence to cause, and did cause, Wave Systems to engage in the conduct complained of herein. Thus, the Individual Defendants controlled the public dissemination of the false and misleading information alleged herein and were culpable participants in the wrongful conduct alleged herein.

53. In particular, by virtue of their positions each of the Individual Defendants had direct and supervisory involvement in the operations of Wave Systems, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations herein, and exercised the same. Such transactions included, without limitation, Wave Systems' dissemination of misleading public statements and failure to disclose adverse material facts regarding its financial condition.

54. By reason of the conduct alleged in Count I of the Complaint, the Individual Defendants violated § 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their positions as controlling persons of Wave Systems, the Individual Defendants are liable pursuant to § 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, the Individual Defendants are liable to Plaintiff and to the other members of the Class for the substantial damages which they suffered in connection with their purchases of Wave Systems common stock during the Class Period.

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment as follows:

A. Declaring this action to be a proper class action and certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding compensatory damages against defendants, jointly and severally, for damages suffered as a result of defendants' wrongdoing, in an amount to be proven at trial, together with interest thereon;

C. Awarding Plaintiff and the Class prejudgment and post-judgment interest, as well as the fees and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts;

D. Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial of all issues so triable.

DATED: February 20, 2004                    Respectfully submitted,

                                            GILMAN AND PASTOR, LLP

                                            */s/ David Pastor*
                                            David Pastor (BBO #391000)
                                            Stonehill Corporate Center
                                            999 Broadway, Suite 500
                                            Saugus, MA 01906
                                            (781) 231-7850 (tel.)

                                            STULL, STULL & BRODY
                                            Jules Brody
                                            Aaron Brody
                                            Tzivia Brody
                                            6 East 45th Street
                                            New York, New York 10017
                                            (212) 687-7230 (tel.)

                                            McKEITHEN, McKEITHEN & BOHMAN
                                            Marjorie A. McKeithen
                                            10771 Perkins Road, First Floor
                                            Baton Rouge, Louisiana 70810
                                            (225) 766-6500 (tel.)

                                            Attorneys for Plaintiff

## PLAINTIFF CERTIFICATION

H. Martin Bohman ("Plaintiff") hereby states that:

1. Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2. Plaintiff did not purchase any common stock/securities of Wave Systems Corp. at the direction of his/her counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4. The following includes all of Plaintiff's transactions in Wave Systems Corp. common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Common Stock | Purchase | 08-01-2003 | 3.94 | 300 |
| Common Stock | Purchase | 08-01-2003 | 2.72 | 200 |
| | | | | |
| | | | | |

Please list other transactions on a separate sheet of paper, if necessary.

5. Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of February, 2004.

_____
Signature