UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, on Behalf of Herself and All Others Similarly Situated, | : <br> : <br> : |
| Plaintiff, | :    04 CV 30022 (MAP) <br> : <br> :    CLASS ACTION |
| v. | : |
| WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, | : <br> : <br> : |
| Defendants. | : |

[Additional Captions Below]

**THE GABRIELE GROUP'S MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND
IN OPPOSITION TO ALL OTHER LEAD PLAINTIFF MOTIONS**

| | |
|---|---|
| YOSEF STREICHER, on Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>      v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                Defendants. | 04 CV 30026 (MAP)<br><br><u>CLASS ACTION</u> |
| ALVIN CHESS, Individually, and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>      v.<br><br>STEVEN K. SPRAGUE, GERARD T. FEENEY, and WAVE SYSTEMS CORPORATION,<br><br>                Defendants. | 04 CV 30037 (MAP)<br><br><u>CLASS ACTION</u> |
| MICHAEL VICKER, on Behalf of Himself and ll Others Similarly Situated,<br><br>                Plaintiff,<br><br>      v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                Defendants. | 04 CV 30040 (MAP)<br><br><u>CLASS ACTION</u> |

| | |
|---|---|
| H. MARTIN BOHMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                Defendants. | 04 CV 30041 (MAP)<br><br>CLASS ACTION |
| JIMMY SUO, on Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                Defendants. | 04 CV 30042 (MAP)<br><br>CLASS ACTION |
| JACK SCHULMAN, Individually, and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                Defendants. | 04 CV 30043 (MAP)<br><br>CLASS ACTION |

Proposed Lead Plaintiffs Martin H. Bohman, Seong Chen, Ernest Freiler, John Gabriele, Kan Lu, Abdel Kader Tahraoui and Bob Xiong ("Gabriele Group" or the "Proposed Lead Plaintiffs"), respectfully submit this memorandum of points and authorities in further support of their motion for appointment as lead plaintiffs and for approval of their selection of Stull, Stull & Brody and McKeithen, McKeithen & Bohman as co-lead counsel and the Law Offices of Robert Aronson as liaison counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).

## I. INTRODUCTION AND OVERVIEW

Presently pending before the Court are five motions for appointment as lead plaintiff and lead counsel for the above-captioned securities fraud class actions against Wave Systems Corporation ("Wave Systems" or the "Company") and certain of its officers and/or directors. In addition to the motion filed by the Gabriele Group, competing motions were filed by the following four movants: (i) Roy Rogers and Steve Alvarez (the "Rogers Group"); (ii) Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin (the "Brumbaugh Group"); (iii) Barry B. Stoddard and Victor Rapp (the "Stoddard Group"); and (iv) Marcello Trebitsch, Shala S. Naeini, Steven R. Clayton and Oldrich Dostalek (the "Trebitsch Group").

The PSLRA instructs the Court to appoint as lead plaintiff the "person or group of persons" with the largest financial interest in the relief sought by the Class that otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B).

As detailed in the moving papers and supporting submissions, the members of the Gabriele Group collectively purchased 62,882 shares of Wave Systems common stock during the period July 31, 2003 through December 18, 2003, and suffered estimated losses of $55,352 as a

1

result of defendants' violations of the federal securities laws. The certifications submitted by the Gabriele Proposed Lead Plaintiffs set forth, *inter alia*, their willingness to serve as lead plaintiffs and representative parties on behalf of the Class, and their understanding that the certifications are not claim forms and that sharing in any recovery is not dependent upon execution of the certification forms. The Gabriele Group should be appointed as lead plaintiffs on behalf of the Class because they have suffered significant losses in connection with their transactions in Wave Systems common stock and are the movants that most clearly demonstrate an understanding of their role and duties as class representatives. Moreover, the Gabriele Proposed Lead Plaintiffs are an appropriate group under the PSLRA. *See, e.g., Weltz v. GTE Corp.*, 199 F.R.D. 129 (S.D.N.Y. 2001) (appointing group of seven shareholders as lead plaintiffs); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 412 (D. Minn. 1998) (appointing a group of six as lead plaintiffs).

## II. ARGUMENT

### 1. The Brumbaugh Group Can Not Be Appointed Lead Plaintiff Due To Its Defective Certification

The PSLRA requires that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person . . . that:
>
> \*   \*   \*
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The PSLRA's presumption may be rebutted by proof that the presumptively most adequate plaintiff:

>(aa) will not fairly and adequately protect the interest of the class; or
>
>(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

The tendency for lead plaintiffs to withdraw or be removed from a case is apparent from the history of proceedings in numerous similar class actions.[1] This tendency is heightened where a lead plaintiff is proposed but is not fully aware of having been proposed as a lead plaintiff. The withdrawal of a lead plaintiff subjects the Class to major problems and potential catastrophe, as where the actions are dismissed as a consequence of the withdrawal of a lead plaintiff. To prevent such an occurrence, the movant appointed as lead plaintiff should be one that has most clearly demonstrated a willingness to perform the duties of a lead plaintiff. Indeed, courts have determined it is important for lead plaintiff applicants to submit factual data setting forth their

---

[1] *See In re Terayon Communications Sys., Inc. Sec. Litig.*, Civ. No. C 00-01967 (N.D. Cal. February 23, 2004), Memorandum and Order, Patel, C.J., at 12 (Court removes lead plaintiffs represented by Milberg Weiss subsequent to appointment); *In re Copper Mountain Sec. Litig.*, Civ. No. C-003894 (N.D. Cal. February 10, 2003), Order, Walker, J., at 12 (Unexplained abandonment of action by lead plaintiffs represented by Milberg Weiss leaves court in predicament; *See also In re Nortel Networks Corp. Sec. Litig.*, 2001 U.S. Dist. LEXIS 20385 *2 (S.D.N.Y. December 10, 2001) (Two groups of lead plaintiffs withdrew from their positions after they had already been appointed lead plaintiffs); *In re Firstplus Fin. Group, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 20446 *3 (N.D. Tx. October 23, 2002) (Two individual lead plaintiffs withdrew from their positions after they had already been appointed lead plaintiffs); *In re Microstrategy, Inc. Sec. Litig.*, 172 F. Supp. 2d 779, 782 (E.D Va. 2001); *Turberg v. CVS Corp.*, 1:01 CV 11464 (D. Mass. August 22, 2002).

"willing[ness] to prosecute th[e] case." *See In re Conseco, Inc. Sec. Litig.*, 120 F. Supp. 2d 729, 732 (S.D. Ind. 2000).

Unlike the certification forms submitted by the Gabriele Proposed Lead Plaintiffs, the certification forms submitted by the members of the Brumbaugh Group do not indicate that they understand that the certification form is not a claim form and that sharing in any recovery is not dependent upon the completion of the certification form. *See In re Network Associates Sec. Litig.*, 76 F. Supp., 2d 1017, 1028 (N.D. Cal. 1999) (holding that representative of proposed lead plaintiff' erroneous understanding that signing a certification was "necessary to participate in any recovery," demonstrated lack of commitment to litigating the case and to adequately and fairly representing the class). Indeed, several courts have expressed deep reservations about appointing any one to act in a lead plaintiff capacity where there exists serious questions whether all of the purported members of that body are aware that they are to act as lead plaintiff." *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1321 (N.D. Ala. 2000); *see also In re Network Associates Sec. Litig.*, 76 F. Supp. 2d 1017, 1028 (N.D. Cal. 1999).

The Brumbaugh Group is not entitled to the presumption that it is the "most adequate lead plaintiff" since, based on the foregoing, it has not demonstrated that it will perform the duties of lead plaintiff as prescribed by the PSLRA and fairly and adequately represent the interests of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

    2.    **Because Of Its Day-Trading Strategy, The Brumbaugh Group Can Not Satisfy Rule 23 As It Is Atypical, Inadequate And Subject To Unique Defenses**

The Brumbaugh Group member Randy K. Griffin is a day-trader which is atypical of the members of the Class and subjects him to unique defenses, rendering the Brumbaugh Group atypical and inadequate to serve as lead plaintiff. *See Party City*, 189 F.R.D. 91 (refusing

approval of a group of lead plaintiffs consisting of some members who were stock retention plaintiffs and others who were in/out plaintiffs because of conflict of interest).[2] It is evident from the certifications that the trading strategy of Randy Griffin was to trade in and out of Wave Systems common stock through a series of purchases and sales. Essentially, he purchased 68,000 shares during the Class period, and sold 68,000 shares during the Class period, often doing so for a profit. This strategy is atypical of the members of the Class and subjects the Brumbaugh Group to unique defenses. According to the Securities and Exchange Commission ("SEC"), "[d]ay traders do not 'invest.'" Rather, "[t]hrough the use of sophisticated computer software, day traders sit in front of computer screens and look for nothing more than real time price movements. What it is that they are buying or selling is of no concern to them." *See* SEC Reports, Day Trading: Your Dollars at Risk, at http://www.sec.gov/investor/pubs/daytips.htm; *Oral Statement of Chairman Arthur Levitt*, at http://www.sec.gov/news/testimony/testarchive/1999/testy2099.htm; and *Day Trading*, at http://www.sec.gov/answers/daytriading.htm.

Where a lead plaintiff is subject to unique defenses, the presumption in favor of his appointment is rebutted. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (lead plaintiff presumption rebutted where applicant "is subject to unique defenses that render such plaintiff incapable of adequately representing the class"). "[I]f a named plaintiff is subject to 'unique defenses' concerning his individual reliance, then attention will be diverted away from the issues common to the class. This would impair his ability to act as a representative for the class. Also, questions of individual reliance may place the materiality of the alleged misrepresentations into doubt."

---

[2] *See also Epstein v. American Reserve Corp.*, No. 79 C 4767, 1988 U.S. Dist. LEXIS 3382, at *14 (N.D. Ill. April 20, 1988); *In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 437 (E.D. Va. 2000) (lead plaintiff movant rejected because of atypical trading strategy subjecting him to unique defenses); *In re Bank One Shareholders Class Actions*, 96 F. Supp. 2d

*Koenig v. Benson*, 117 F.R.D. 330, 335-36 (E.D.N.Y. 1987). As a result of the in-and-out nature of randy Griffin's transactions in Wave Systems common stock, the Brumbaugh Group is subject to unique defenses rendering the group atypical of the Class as a whole and inadequate under Rule 23.

### 3. The Claimed Losses Of The Rogers Group Are Wholly Inaccurate And Not Measured In A Manner Consistent With The PSLRA

The claimed losses of the Rogers Group do not accurately reflect that group's financial interest in the outcome of the litigation since the Rogers Group failed to offset against its class period purchases of Wave Systems common stock the proceeds of class period sales of the stock. *See In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 127 (D.N.J. 2002) (in settlement, court held that "[p]urchases during the Class Period will be matched against sales during the Class Period on a first-in, first-out basis."); *see also Rothfarb v. Hambrecht*, No. C-82-1065 WHO, 1986 U.S. Dist. LEXIS 20285, at *4 (N.D. Cal. January 15, 1986) ("Market loss of MCS common stock means the Purchase Price minus the Sales Price . . . based on the 'First-In-First-Out' ('FIFO') method. . . . ); *Gerstein v. Micron Tech., Inc.*, No. 89-1262, 1993 U.S. Dist. LEXIS 21216, at *72 (D. Idaho September 10, 1993) ("In the event that a Class member sold any shares of Micron stock during the Class Period, those shares shall be matched, in chronological order, on a first-in-first-out basis.").

The loss calculations submitted by fail to reflect the significant proceeds obtained by Steve Alvarez, a member of the Rogers Group. The certification form submitted by Mr. Alvarez indicates that he sold approximately 75,000 shares of Wave Systems common stock, realizing a significant offset to the losses reflected on the spreadsheet in which the Rogers Group claims a

---

780 (N.D. Ill. 2000) (lead plaintiff movant rejected as an atypical investor based on trading pattern of having engaged in extensive day-trading).

6

loss of $28,150 by Mr. Alvarez. Accordingly, the Rogers Group is not entitled to the presumption that it is the most adequate plaintiff. In addition, the certifications submitted by the members of the Rogers Group do not that they understand the certifications are not claim forms and that sharing in any recovery is not dependent upon execution of the plaintiff certifications.

### 4. Because Of Its Day-Trading Strategy, The Rogers Group Can Not Satisfy Rule 23 As It Is Atypical, Inadequate And Subject To Unique Defenses

Like the Brumbaugh Group, the Rogers Group includes an individual whose trading practices subject it to unique defenses, thereby rebutting any presumption that it is the most adequate lead plaintiff. During the Class period, Rogers Group member Steven Alvarez purchased 111,820 shares of Wave Systems common stock and sold 74,830 shares of Wave Systems common stock, often doing so for a profit. Accordingly, and for the reasons set forth in Section 2, *supra*, the motion of the Rogers Group should be denied.

### 5. The Losses Sustained By The Gabriele Group Exceed The Losses Claimed By The Stoddard Group And The Trebitsch Group

The Stoddard Group claims losses of $41,870 in connection with its transactions in Wave Systems common stock during the proposed class period. The Trebitsch Group claims losses of $30, 301 in connection with its relevant transactions. Each of these amounts is exceeded by the losses sustained by the Gabriele Proposed Lead Plaintiffs. *See* Declaration of Aaron Brody, April 1, 2004, at Exhibit C. In accordance with the PSLRA, the motions of the Stoddard Group and the Trebitsch Group should be denied. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb).

7

## III.  CONCLUSION

Based on the foregoing, the Gabriele Proposed Lead Plaintiffs respectfully request that the Court grant their motion for appointment as lead plaintiffs, approve their selection of counsel, and deny the competing lead plaintiff motions.

Dated: April 16, 2004

Respectfully submitted,

**LAW OFFICES OF ROBERT ARONSON**

By: _____
Robert Aronson (BBO No. 541800)
101 State Street
Springfield, MA 01103
Tel: (413) 733-2600
Fax: (413) 737-4318

**Proposed Liaison Counsel For Plaintiffs and The Class**

**STULL, STULL & BRODY**
Jules Brody
Aaron L. Brody
6 East 45th Street
New York, New York 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**McKEITHEN, McKEITHEN & BOHMAN**
Marjorie A. McKeithen
10771 Perkins Road, First Floor
Baton Rouge, Louisiana 70810
Tel: (225) 766-6500
Fax: (225) 769-7090

**Proposed Co-Lead Counsel For Plaintiffs and The Class**

8

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 16, 2004.

_____
Robert Aronson

## SERVICE LIST

William B. Federman
FEDERMAN & SHERWOOD
20 N. Robinson, Suite 2720
Oklahoma City, OK 73102

Eduard Korinsky
ZIMMERMAN, LEVI & KORINSKY, LLP
39 Broadway, Suite 1440
New York, NY 10006

Nancy F. Gans
MOULTON & GANS, PC
33 Broad Street, Suite 1100
Boston, MA 02109

Jeffrey C. Block
Leslie R. Stern
Michael T. Matraia
BERMAN DEVALERIO PEASE
 TABACCO BURT & PUCILLO
One Liberty Square, 8th Floor
Boston, MA 02109

Susan E. Stenger
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108

Susan R. Gross
Deborah R. Gross
LAW OFFICES OF BERNARD M. GROSS, P.C.
1515 Locust Street, Suite 200
Philadelphia, PA 19102

Marc A. Topaz
Stuart L. Berman
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Samuel H. Rudman
David A. Rosenfeld
CAULEY GELLER BOWMAN & RUDMAN, LLP
P.O. Box 25438
Little Rock, AR 72221-5438

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN, P.A.
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202

William Lerach
MILBERG, WEISS, BERSHAD,
 HYNES & LERACH, LLP
401 B Street, Suite 1700
San Diego, CA 92101

Leigh Lasky
THE LAW FIRM OF LASKY & RIFKIND, LTD.
100 Park Avenue, 12th Floor
New York, NY 10017

Stuart Wechsler
Robert I. Harwood
WECHSLER HARWOOD LLP
488 Madison Avenue, 8th Floor
New York, NY 10022

Mel E. Lifshitz
Jeffrey M. Haber
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

Christopher Keller
GOODKIND LABATON RUDOFF & SUCHAROW LLP
100 Park Avenue
New York, NY 10017

Thomas G. Shapiro
SHAPIRO HABER & URMY, LLP
75 State Street
Boston, MA 02109

Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

Marjorie A. McKeithen
MCKEITHEN, MCKEITHEN & BOHMAN
10771 Perkins Road, First Floor
Baton Rouge, Louisiana 70810

Peter S. Pearlman
COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663

Joseph J. DePalma
Susan D. Pontoriero
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

Robert Buhlman
Eunice Lee
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110